STATE OF MISSOURI, Respondent, v. PHILIP MARKUS, Appellant.

St. Louis Court of Appeals, February 4, 1913.

1. **FOOD: Adulteration: Deceit is Gravamen of Offense.** The gravamen of the offense denounced by section 4841, Revised Statutes 1909, making it a misdemeanor to sell or offer to sell as cider vinegar any vinegar not the legitimate product of pure juice, known as apple cider, or not made exclusively of apple cider, is the deceit practiced upon the buyer with respect to the character of the vinegar sold.

2. ———: ———: ———: Indictments and Infomations: **Sufficiency of Information.** An information averring that ac-

cused "did sell and offer for sale to one . . . one barrel of vinegar labeled and branded as cider vinegar, which was not the legitimate product of pure apple juice and was not made exclusively from apple cider," does not charge an offense under section 4841, Revised Statutes 1909, for the reason that it does not aver that the cider sold was sold "as cider vinegar;" the gravamen of the offense denounced by the statute being the practicing of a deceit upon the buyer with respect to the character of the vinegar sold.

3. INDICTMENTS AND INFORMATIONS: Charging Statutory Offenses. Where the indictment or information is based upon a statute denouncing an offense unknown to the common law, it must aver every constituent fact necessary to bring the accused within the statute.

Appeal from St. Louis Court of Criminal Correction. —*Hon. Wilson A. Taylor*, Judge.

REVERSED AND REMANDED.

*E. P. Peers* for appellant.

The charge in the information is void because it attempts to embrace two offenses in one count and does not contain sufficient words of the statutes covering either offense to properly inform appellant of the charge or charges against him. Constitution of Mo., art. 2, sec. 22; State v. Hayward, 83 Mo. 304; State v. Barbee, 136 Mo. 440.

*Howard Sidener*, Prosecuting Attorney, for respondent.

(1) The information is not duplicitous nor repugnant in that it charges two offenses in one count, namely, "did sell and offer to sell," etc. City of Liberty v. Moran, 121 Mo. App. 682; State v. Niehaus, 217 Mo. 344. (2) Nor is the use of the words, in the information, "labeled and branded," nor the words "did contain therein a foreign substance, to-wit, molasses" necessary averments, but may be treated as mere surplusage, leaving the defendant still properly

charged in the language of the statute. State v. Murphy, 102 Mo. App. 680. (3) A person who keeps or offers for sale any adulterated article prohibited by the statute takes the risk and is presumed to know that the article he offers for sale is not adulterated, and it is not necessary for the indictment or information under such a statute to allege or prove criminal intent or guilty knowledge. 1 Am. & Eng. Ency. Law, p. 744.

NORTONI, J.—Defendant was convicted of a misdemeanor and prosecutes this appeal from that judgment. The charge laid against him pertains to the selling of a barrel of vinegar, labeled cider vinegar, to a grocer, which, it is said, was not cider vinegar.

The statute on which the prosecution is based is as follows:

"Any person who manufactures for sale or offers or exposes for sale as cider vingegar, any vinegar not the legitimate product of pure juice known as apple cider, or vinegar not made exclusively of said apple cider, or vinegar into which foreign substances, drugs or acids have been introduced, as may appear on proper tests, shall be deemed guilty of a misdemeanor and, upon conviction thereof, be punished for every offense by fine of not less than fifty dollars nor more than one hundred dollars, and the cost of prosecution, or by imprisonment in the county jail not to exceed ninety days." [Sec. 4841, R. S. 1909.]

Omitting formal and immaterial portions thereof, the information charges as follows: "That Philip Markus, in the city of St. Louis, on the 10th day of August, 1909, did sell and offer for sale to one Henry Sextro, one barrel of vinegar labeled and branded as cider vinegar, which was not the legitimate product of pure apple juice and was not made exclusively from apple cider."

State v. Markus.

It will be observed that the offense denounced by the statute above quoted, and which this information purports to charge, pertains to the sale or offer for sale "as cider vinegar" any vinegar not the legitimate product of pure juice known as apple cider. Obviously the element of deceit with respect to the character of the vinegar sold is the gravamen of the offense, for the statute is leveled against one who sells or offers or exproses for sale "as cider vinegar" any vinegar, etc. The information fails to charge that defendant sold Sextro a barrel of vinegar "as cider vinegar," but alleges that he sold to one Henry Sextro one barrel of vinegar labeled and branded as cider vinegar. It is clear the information charges no offense against defendant, for though, as alleged, the one barrel of vinegar sold was labeled and branded as cider vinegar, it does not charge that defendant sold the vinegar to Sextro "as cider vinegar." Where the indictment or information is based upon a statute creating the offense—an offense unknown to the common law—it must set forth and charge every constituent fact required by the statute and necessary to bring the accused fully within the statutory provision. [See State v. Gabriel, 88 Mo. 631.] Under this statute it is no offense for one to sell to another a barrel of vinegar marely labeled and branded as cider vinegar, but instead he must sell it to him as cider vinegar. It would seem that the element of deceit is of the gravamen of the offense, and unless it is so charged no crime is laid.

For the reasons stated, the information is insufficient and the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.